## Kowalewski v. Whittington

158

C.P. of Lackawanna County, no. 2003 CV 2991.

*P. Timothy Kelly,* for plaintiff.
*Timothy P. Polishan,* for defendant.

MINORA, *J.,* January 18, 2005—

## I. INTRODUCTION

This matter was tried before the undersigned without a jury on September 17, 2004. The parties were given an opportunity to submit written post-trial briefs and the matter is now ripe for decision.

By way of background, the plaintiff claims she was employed as a bookkeeper for Zazzera's Market in Carbondale, Pennsylvania.

In November of 2000, the market was purchased by Patrick Whittington. After Mr. Whittington purchased the market, some cash flow difficulties arose.

Mr. Whittington had mentioned the cash flow difficulties to Mrs. Kowalewski and she claims she lent certain monies to Mr. Whittington and/or his corporation totaling $36,900.

She claims she did receive some payment on the debt in the amount of $2,063.24, leaving a balance on the loan of $34,836.76.

Her theory is that the debt was incurred by both the corporation, P. Whittington Inc. and that Mr. Whittington, through his partial repayment of the loan and also representations made to Mrs. Kowalewski, guaranteed the corporation, thus personally obligating him or the indebtedness to Mrs. Kowalewski.

The defense admits the corporation is liable for the debt (see N.T. 9/17/04 p. 30) but disputes that Mr. Whittington is individually liable for the debt due to the fact there are no writings (notes, memos, etc.) to indicate such and take it out of the Statute of Frauds, 33 P.S. §3.

## II. GENERAL FINDINGS AS PER PA. RULE OF CIVIL PROCEDURE 1038(b)

Initially we note that, in a bench trial, the judge sits as the finder of fact and must determine the credibility of the witnesses and the probative value of the evidence presented. *Bonenberger v. Nationwide Mutual Insurance Company,* 791 A.2d 378, 381 (Pa. Super. 2002). As the

sole assessor of credibility, the judge in a non-jury trial is free to believe all, part or none of the testimony or evidence submitted by the parties. *In re Funds in the Possession of Conemaugh Township Supervisors,* 562 Pa. 85, 89, 753 A.2d 788, 790 (2000); *L.B. Foster Co. v. Charles Caracciolo Steel & Metal Yard Inc.,* 777 A.2d 1090, 1093 (Pa. Super. 2001). The factual findings set forth below are based upon the testimony and exhibits which have been determined to be competent, credible and relevant. See also, *Ciccone v. Sposito,* 104 Lacka. Jur. 389, 390 (2003).

In the case at hand, the credible and/or undisputed evidence indicates that plaintiff was employed at Zazzera's Food Center for an excess of 30 years. In November of 2000, Zazzera's became owned by a corporation known as P. Whittington Inc. Prior to the time Whittington took over the operation of Zazzera's Food Center, Zazzera's Food Center was a profitable ongoing concern.

Soon after defendant had assumed the operation of Zazzera's Food Center, defendant began to experience cash flow difficulties. In April 2001, plaintiff began loaning defendants various sums of money in an attempt to assist defendants through their financial difficulties. Over the course of time, plaintiff lent to defendant the sum of $36,900. No note or other evidence of indebtedness was executed by defendants in favor of plaintiff and all of plaintiff's checks were made payable either to P. Whittington Inc. or Zazzera's Food Center.

Between April 2001 and February 2002, the period within which plaintiff was loaning the aforesaid sums to

defendants, individual defendant, Patrick Whittington, made various representations and promises to plaintiff that he would personally repay plaintiff the aforesaid monies. In fact, at various times, Mr. Whittington did pay to plaintiff the sum of $2,063.24. The said payments were made either in cash or by checks issued from Mr. Whittington's personal account. No repayment was made to plaintiff from the corporate assets of P. Whittington Inc. Presently, there is an outstanding balance on defendant's obligation to plaintiff of $34,836.76.

The corporate defendant has acknowledged its indebtedness to plaintiff and its obligation to repay to plaintiff the said sums of money. Therefore, this court will enter a judgment in favor of plaintiff and against the corporate defendant based upon the acknowledgments of the corporate defendant.

The individual defendant denies an obligation to repay plaintiff the said sums of money. The individual defendant raises as a defense the bar of the Statute of Frauds, 33 P.S. §3. The individual defendant also alleges that there was a failure of consideration to support his promise to plaintiff to repay the sums of money lent to said defendants.

The Statute of Frauds provides:

"No action shall be brought whereby to charge any executor or administrator, upon any promise to answer damages out of his own estate, or whereby to charge the defendant, upon any special promise, to answer for the debt or default of another, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by

the party to be charged therewith, or some other person by him authorized." 33 P.S. §3.

Plaintiff contends that the above Statute of Frauds does not apply as the main object of the promise by Patrick Whittington, the individual defendant, was to serve his own pecuniary or business purpose. *Biller v. Ziegler,* 406 Pa. Super. 1, 593 A.2d 436 (1991); *Thomas A. Armbruster Inc. v. Barron,* 341 Pa. Super. 409, 491 A.2d 882 (1985). The leading object rule applies whenever a promisor, in order to advance some pecuniary or business purpose of his own, purports to enter into an oral agreement even though that agreement may be in the form of a provision to pay the debt of another. *Biller v. Ziegler, supra* at 8, 593 A.2d at 439, citing cases. We agree with the plaintiff's contentions regarding the "leading object" rule.

The testimony of plaintiff during a trial held in the above matter was to the effect that the corporate defendant was experiencing severe cash flow problems which would adversely impact its ability to continue in business. Plaintiff's testimony was uncontradicted. In order to sustain the business activities of the corporate defendant, the individual defendant induced plaintiff to lend the aforesaid sums of money in order to keep the corporate defendant in business. Further, beginning in July 2001, the individual defendant began making partial repayment of the debt to plaintiff, all the while promising her that he would pay the debt that was due and owing. The partial repayments to plaintiff by the individual defendant from his personal funds served as further inducement to plaintiff to lend additional monies to defendant. Plaintiff testified at time of trial that it

was always her understanding that the individual defendant would stand responsible for the debt then and there due and owing.

The present situation involves an individual who was an officer/shareholder of the defendant corporation. In this case, Patrick Whittington was an 80 percent shareholder of defendant corporation and also president of the corporation. As in the *Armbruster* case, the business was a fledgling business. Although Zazzera's Food Center had been in business for a long period of time before the time Mr. Whittington had taken over the business, Mr. Whittington was new to the business and new to the food center business. In his case, the Zazzera business can be considered a fledging business. Based upon the uncontradicted testimony of plaintiff, had plaintiff not lent the aforesaid sums of money to the business at the behest of Mr. Whittington, the business would have failed as the payroll would not have been paid, the electricity bill would not have been paid, and the warehouse from which stock was purchased would not service the Zazzera account. The individual defendant received a direct pecuniary benefit from the actions of plaintiff in lending the said sums of money to defendants.

Defendants also contend that there is failure of consideration for the individual defendant's promise to repay the money owed to plaintiff. Plaintiff contends, and we agree, that the individual defendant did indeed receive a benefit in making the said promise. As president of the corporation and an 80 percent shareholder in the corporation, the individual defendant would have lost his investment in the business had plaintiff not lent the

said sums of money to defendants. See *Schroyer v. Wally,* 96 Pa. Super. 234 (1929).

We are of the opinion that the facts of this case take the matter out of the protection of the Statute of Frauds (33 P.S. §3) and certainly there was inducement and benefit by and for the individual defendant making him personally liable for the debt as well as the corporation.

### III. NON-JURY VERDICT

Therefore, based on the above, a non-jury verdict is entered against both Patrick Whittington individually and d/b/a Zazzera's Market and P. Whittington Inc. in the amount of $34,836.76 plus legal interest from the date of this verdict.

So ordered, January 18, 2005.